IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACIE A. MANCINI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action 20-874 |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Commissioner of Social Security | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Stacie A. Mancini ("Mancini") brought this action for review of the final decision of the Commissioner of Social Security denying her claim for social security benefits. Mancini contends that she became disabled on May 13, 2016. (R. 24). She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") in January 2019. (R. 38-777). During the hearing both Mancini and a vocational expert ("VE") testified. Ultimately, the ALJ denied benefits. (R. 18-31). Mancini has filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 16 and 19.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id.  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979); Richardson, 402 U.S. at 390, 91 S. Ct. 1420.

   A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    2. <u>The ALJ's Decision</u>

At step one, the ALJ determined that Mancini had not engaged in substantial gainful activity since the alleged onset date. (R. 24). At step two, the ALJ found that Mancini suffered from the following severe impairments: cervical spine degenerative disc disease; right shoulder degenerative joint disease; anxiety; and depression. (R. 24). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 25-26). The ALJ then found that Mancini had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 26-32). Finding that Mancini was unable to perform past relevant work, the ALJ concluded that, considering her age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 32-34). Specifically, the ALJ concluded that Mancini could perform the requirements of representative occupations such as: table worker; sorter; and security monitor. (R. 33). Consequently, the ALJ denied benefits.

    3. <u>Discussion</u>

Mancini challenges the ALJ's decisions in several respects. She contends that the ALJ erred in discounting the opinions proffered by Dr. Ravinda Mehta, her treating psychiatrist, and Dr. Chantal Deines, the consulting psychologist. She also faults the

3

ALJ for what she describes as a RFC which did not accurately reflect the severity of limitations regarding either social interactions or difficulties with concentration, persistence, and pace. Finally, she urges that the ALJ failed to give her testimony proper weight or to account for the side effects of her medications. None of her arguments are convincing.

As to the first contention, Mancini objects to the ALJ's giving "scant attention or weight" to the Dr. Deine's opinion. Yet Mancini does not demonstrate how the ALJ erred in so doing. The Court declines to make Mancini's argument for her. With respect to Dr. Mehta, the record is devoid of any indication that Dr. Mehta submitted a medical opinion, as that is defined in the regulations. Indeed, Mancini does not point to any particular decision or otherwise explain how the ALJ's decision is inconsistent with Dr. Mehta's records. Simply referring to Dr. Mehta as a "treating physician" and asking that a "report" from a treating physician be accorded "controlling weight" is at odds with the newly revised regulations. Mancini's claim, filed after March 27, 2017, is subject to new Social Security regulations regarding the evaluation and treatment of medical opinions. The new standards differ significantly from the prior regulatory framework and Mancini's argument is reliant upon the incorrect and outdated standard.

These new regulations, which govern claims filed after March 27, 2017, require an ALJ to focus upon the persuasiveness of each medical opinion rather than to accord opinions particular evidentiary weight. *See* 20 CFR 404.1520c; 416.920c. Thus, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a] medical source." Id. at 404.1520c(a); 416.920c(a). For such claims, an ALJ shall

4

consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. *Id.* at 404.1520c(c); 416.920c(c). "The most important factors" are supportability and consistency. *Id.* at 404.1520c(a); 416.920c(a). Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is not required to discuss or explain how he/she considered the other factors. *Id.* at 404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors. *Id.* at 404.1520c(b)(3); 416.920c(b)(3). Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above. *Id.* at 404.1520c(b)(1); 416.920c(b)(1). Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources. Id. at 404.1520c(d); 416c(d). Mancini does not demonstrate how the ALJ's evaluation of Dr. Mehta's or Dr. Deines' submissions run contrary to these regulations. Indeed, there is no contextual discussion of the opinions/medical records at all. As such, I find that remand is not required.

 Mancini's argument that the RFC failed to account for her mental limitations is predicated upon the success of her argument regarding the weight the ALJ gave to Dr. Mehta's and Dr. Deines' "opinions." (See ECF 17, p. 11, stating, ""[t]he opinions of Dr. Mehta and Psychologist Deines viewed in totality with the prescription records and

obvious side effects indicating Plaintiff experiences greater limitations in the ability to maintain concentration, persistence, or pace than what the ALJ failed to credit for in the RFC."). Mancini offers no argument or discussion of what evidence supports findings of greater impairments regarding concentration, persistence, or pace or the ability to interact with others. For the reasons set forth elsewhere in this Opinion, I find that the ALJ did not err with respect to his evaluation of the medical opinion testimony. Nor did he err with respect to his assessment of Mancini's testimony or the side effects of medication. Mancini gives no independent assessment regarding the mental limitations. This Court declines to do so *sua sponte*. Mancini has not discharged her burden of demonstrating that the ALJ erred and there is no basis for remand.

Turning to her next argument, Mancini urges that the ALJ failed to give proper weight to her testimony. As the ALJ stated, he must follow a two-step process when assessing pain: first, he must determine whether there is a medical impairment that could reasonably be expected to produce the claimant's pain or other symptoms; and second, he must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. (R. 25). Pain alone does not establish disability. 20 C.F.R. 404.1529(a), 416.929(a). Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reasons for rejecting non-medical testimony. *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). In evaluating a claimant's statements regarding pain, the ALJ will consider evidence from treating, examining, and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities; descriptions of pain; precipitating and aggravating factors;

type, dosage, effectiveness, and side effects of medications; treatment other than medication; and other measures used to relieve pain. 20 C.F.R. 404.1529; 416.929. I must defer to the ALJ's determinations unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133.

Here, the ALJ specifically stated that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (R. 25). Moreover, the ALJ followed the proper method in assessing Mancini's symptoms and pain. That is, he first determined whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Mancini's pain or other symptoms, then he evaluated the intensity, persistence, and limiting effects of those symptoms. (R. 25-31). The ALJ properly compared the medical evidence and other evidence of record, including activities of daily living, the intensity of pain, factors that precipitate and aggravate the symptoms, the effectiveness of medication, and treatment other than medication, and found them not to be entirely consistent. (R. 25-31).[2] Mancini points to her own testimony from the evidentiary hearing in support of her claim. But the standard is not whether there is evidence to establish the claimant's position, but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen*, 881 F.2d 37,

---

[2] For instance, the ALJ noted that the "routine and conservative nature of the claimant's treatment for her cervical spine undermines her allegations." (R. 30). Substantial record evidence supports this conclusion. Her treatment was limited to trigger point injections; conservative chiropractic care; physical therapy, a TENS unit; medication; and a cervical medial branch block. (R. 275-267, 290-296, 309-375, 471-502, 545-561, 594-615, 648-655). Additionally, imaging showed only mild degenerative narrowing of the right AC joint, mild right joint arthrosis, mild edema of the AC joint, and findings consistent with tendinopathy and partial tendon tear rather than a rotator cuff tear or labral tear. (R. 261, 298, 352).

7

39 (3d Cir. 1989). Because I find that substantial evidence of record supports the ALJ's decision in this regard, remand is not warranted.

Finally, Mancini contends that the ALJ failed "to mention the long list of disabling medications that Claimant was prescribed / taking in an effort to relieve her chronic pain and major depressive disorder / anxiety." (ECF 17, p. 10). Again, although Mancini cites to a long list of medications, she does not point to any record evidence in support of her allegations regarding the side effects that she suffered because of the medication. Mancini did not testify to any side effects regarding medication much less disabling side effects. Furthermore, Mancini routinely denied any adverse side effects of her medications. (R. 632, 635, 638, 667, 669, 671, 673, 677, 679, 681, 683, 685, 701, 703, 705). As such, I find no error and no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACIE A. MANCINI )<br>      Plaintiff, )<br>)<br> -vs- )<br>)<br>KILO KIJAKAZI, )<br>)<br>Commissioner of Social Security, Defendant. ) | Civil Action No. 20-874 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 14th day of December, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 16) is DENIED and the Motion for Summary Judgment (Docket No. 19) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

/s/ Donetta W. Ambrose

Donetta W. Ambrose
United States Senior District Judge